■ WOODSIDE SAVINGS AND LOAN ASSOCIATION, Appellant-Respondent, v MINISINK HOMES, Inc., et al., Defendants, and CONKLIN OPERATING CORPORATION, Respondent-Appellant.—In a mortgage foreclosure proceeding, (1) plaintiff appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Orange County, dated August 4, 1975, as

failed to provide that it has priority of lien for the entire advance made by it pursuant to a certain building loan and mortgage, less certain payments, and (2) defendant Conklin Operating Corporation cross-appeals from so much of the said interlocutory judgment as granted only limited priority to its mortgage lien. Interlocutory judgment modified, on the law, (1) by deleting from the first decretal paragraph thereof the words "in accordance with the decision of the Court dated December 16, 1974", (2) by deleting from the said decretal paragraph the amount "$52,000" and substituting therefor the amount "$80,000" and (3) by deleting the second decretal paragraph thereof. As so modified, interlocutory judgment affirmed insofar as appealed from, with costs to plaintiff payable by respondent-appellant. No fact questions were considered on this appeal. We are of the opinion that absent any showing of fraud or overreaching on the part of the plaintiff improvement loan lender, it is entitled to priority of lien in view of the proper and valid subordination of the prior purchase money mortgage by an agreement executed by Conklin (see *Brooklyn Trust Co. v Fairfield Gardens,* 260 NY 16). Trial Term erred in considering the appraised value as specified in section 380 (subd 1, par [b], cl [1], subcl [3]) of the Banking Law to mean actual value. Appraised value, as used therein, has reference to an appraisal by two appraisers, qualified and appointed as specified by section 380 (subd 4, par [b]) of the Banking Law. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.